IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL J. COOPER (M-46588),<br>    Plaintiff,<br><br>  v.<br><br>COOK COUNTY JAIL OFFICER SALAZAR,<br>    Defendant. | Case No. 19 C 2916<br><br>Judge Manish S. Shah |

### ORDER

  Plaintiff's motions to proceed *in forma pauperis* [3], [4] are granted. The Court directs the trust fund officer at Plaintiff's place of confinement to deduct $8.00 from Plaintiff's trust account as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order until the $350 filing fee is paid. The Clerk of Court shall: (1) send a copy of this order to the trust fund officer at Lawrence Correctional Center; (2) file Plaintiff's complaint [1], (3) issue summons for its service on Cook County Jail Officer Salazar; and (4) send Plaintiff one blank USM-285 service form, a magistrate judge consent form, and filing instructions. The U.S. Marshal is appointed to serve Defendant, but the Marshal will not attempt service until the required service form is received. Plaintiff must therefore return a completed service form by June 13, 2019. His failure to comply may result in the dismissal of this case. Plaintiff's motion for an attorney [5] is denied without prejudice.

### STATEMENT

  Plaintiff Jamal Cooper, an Illinois prisoner at the Lawrence Correctional Center proceeding *pro se*, brings this 42 U.S.C. § 1983 civil rights action against Cook County Jail Officer Salazar. Plaintiff asserts the officer unnecessarily sprayed him with mace. Currently before the Court are Plaintiff's motions to proceed *in forma pauperis*, his compliant for initial review, and his motion for attorney representation.

*Plaintiff's IFP Application*

  Plaintiff filed two motions to proceed *in forma pauperis*. Both demonstrate he is unable to prepay the Court's filing fee. His request to file his complaint IFP is thus granted. Pursuant to 28 U.S.C. § 1915(b), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $8.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives each calendar month during which he has $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust

fund officer at Plaintiff's facility to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court advises Plaintiff that obtaining IFP status in a civil case does not mean he avoids paying the filing fee. Rather, it simply means he is allowed to pay it with monthly deductions from his trust fund account. Paying in monthly installments under § 1915(b)(2) results in deductions of 20% of his monthly income (including money sent by family and friends) for each case where filing fees are owed. In other words, if he receives $50 one month, and owes filing fees for one case, $10 will be deducted. If he owes four filing fees, $40 will be deducted, and if he owes five filing fees, all $50 will be deducted. *See Bruce v. Samuels*, 136 S. Ct. 627, 632-33 (2016). Waiving fees and the manner they are collected are not options.

*Plaintiff's Amended Complaint*

Under 28 U.S.C. § 1915A, courts must screen a prisoner's complaint to ensure that it states a valid claim against defendants who are not immune from liability. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff's complaint alleges the following. On July 25, 2018, he was waiting in line to use the telephone in Division 2, Dorm 3. He had been skipped twice in line and he complained to an "attending C.O. that was working that day on Dorm 3 [at] 1:00 or 1:30." (Dkt. 1, pg. 4.) The officer (Defendant Salazar) began antagonizing Plaintiff. (*Id.*) According to Plaintiff, he repeatedly asked Defendant to leave him alone and stated that he was just trying to make a call. "[A]fter that, [Defendant] just upped his mace [and] sprayed me." (*Id.*) Other inmates attempted to help Plaintiff, but Defendant told them to leave him alone. Another officer then handcuffed Plaintiff behind his back and escorted him to the medical unit. (*Id.* at 5.) He was then moved to another cell until the following day when "the hearing officer . . . decide[d] I was not guilty after seeing the video." (*Id.*)

Jail officials violate a pretrial detainee's constitutional due process rights when their use of force is objectively unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). Force is unreasonable when it is not "rationally related to a legitimate nonpunitive governmental purpose," such as maintaining order, or is "excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473. The allegation of the unnecessary use of mace states a claim. Plaintiff's complaint may proceed against Defendant.

The Court directs the Clerk of Court to issue summons for service of the complaint on Cook County Jail Officer Salazar, who Plaintiff states was working on Division 2, Dorm 3 on July 25, 2018. The Clerk shall send Plaintiff a blank USM-285 service form. A completed USM-285 form is required for each Defendant who is to be served. If Plaintiff does not know Officer Salazar's first name, he should include information on the service form to assist jail officials identify the officer. The U.S. Marshal is appointed to serve Defendant, but will not attempt service until the required form is received. Plaintiff must therefore complete the service form and return it to the Court within the time stated in the Order section above. His failure to do so may result in the dismissal of this case for lack of prosecution. The Marshal shall make all reasonable efforts to serve Defendant and is authorized to send a request for waiver of service pursuant to Fed. R. Civ. P. 4(d) before attempting personal service. Jail officials shall assist the Marshal if needed.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service stating the date Plaintiff mailed the document. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. The Court further advises Plaintiff that he must promptly notify the Court in writing if his address changes. His failure to do so may also result in dismissal of this case.

*Plaintiff's Motion for Counsel*

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court engages in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis focuses not only on the plaintiff's ability to try the case, but also on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff does not indicate that he has attempted to obtain attorney representation on his own or that he was prevented from doing so. As to the complexity of this case and Plaintiff's ability to litigate it, his claim—one incident of excessive force by a jail officer—does not appear overly complex, and his allegations are coherent, thus demonstrating that he should be able to communicate his litigation needs adequately to the Court and Defendant. Also, this case is in its earliest stages.

No defendant has been served and no discovery is being conducted. For all these reasons, attorney representation appears unwarranted at this time. *See Olson*, 750 F.3d at 712; *see also Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Plaintiff may repeat his request at a later stage of the case.

ENTER:

Date: May 23, 2019

Manish S. Shah, U.S. District Court